IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR NO. 7:17CR938 |
| | ) | 18 U.S.C. § 922(a)(6) |
| | ) | 18 U.S.C. § 922(d) |
| | ) | 18 U.S.C. § 924(a)(2) |
| vs. | ) | 26 U.S.C. § 5812 |
| | ) | 26 U.S.C. § 5848(b) |
| | ) | 26 U.S.C. § 5861(e) |
| | ) | 26 U.S.C. § 5861(l) |
| | ) | 21 U.S.C. § 5871 |
| | ) | 18 U.S.C. § 924(d)(1) |
| | ) | 26 U.S.C. § 5872 |
| | ) | 49 U.S.C. § 80303 |
| DUSTAN LAWSON | ) | 28 U.S.C. § 2461(c) |

RECEIVED
USDC CLERK GREENVILLE, SC
2017 OCT 10  PM 3: 24

<u>INDICTMENT</u>

<u>COUNT ONE</u>

THE GRAND JURY CHARGES:

That on or about November 4, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a FII .40 caliber handgun, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

1

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

That on or about November 4, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a FII .40 caliber handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

That on or about November 4, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Sig Sauer 7.62 caliber rifle, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

2

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

That on or about November 4, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Sig Sauer 7.62 rifle, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

That on or about November 15, 2012, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly made a false entry on an application required by Chapter 53 of Title 26, that being: the defendant represented that he had a reasonable necessity to possess the firearm described on the application, that being an Advanced Armament Corp. 762SDN6 firearm muffler or silencer, for quiet target practice, knowing such entry to be false;

In violation of Title 26, United States Code, Sections 5848(b), 5861(l) and 5871.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

That on or about September 22, 2013, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly and unlawfully transferred a firearm, that is: an Advanced Armament Corp. 762SDN6 firearm muffler or silencer, to T.K., that was in violation of Title 26, United States Code, Section 5861(b), T.K not being authorized to receive the transferred firearm;

In violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871.

3

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

That on or about December 7, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Barrett 82A1 .50 caliber rifle, from Allen Arms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Allen Arms, which statement was intended and likely to deceive Allen Arms, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

That on or about December 7, 2012, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Barrett 82A1 .50 caliber rifle, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

4

## COUNT NINE

THE GRAND JURY FURTHER CHARGES:

That on or about June 23, 2013, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Glock .45 caliber handgun, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES:

That on or about June 23, 2013, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Glock .45 caliber handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES:

That on or about July 1, 2013, in the District of South Carolina, the defendant, DUSTAN

LAWSON, in connection with the acquisition of a firearm, that being a Glock .40 caliber handgun,

from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

United States Code, knowingly made a false and fictitious written statement to Academy Sports,

which statement was intended and likely to deceive Academy Sports, as to a fact material to the

lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that

the defendant represented that he was the actual transfee/buyer of the firearm listed on the form

and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES:

That on or about July 1, 2013, in the District of South Carolina, the defendant, DUSTAN

LAWSON, knowingly transferred a firearm, that is: a Glock .40 caliber handgun, to T.K., knowing

and having reasonable cause to believe that T.K. had been convicted of a crime punishable by

imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about October 12, 2012, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly made a false entry on an application required by Chapter 53 of Title 26, that being: the defendant represented that he had a reasonable necessity to possess the firearm described on the application, that being an Advanced Armament Corp. M4-2000 firearm muffler or silencer, for quiet target practice, knowing such entry to be false;

In violation of Title 26, United States Code, Sections 5848(b), 5861(l) and 5871.

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about August 7, 2013, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly and unlawfully transferred a firearm, that is: an Advanced Armament Corp. M4-2000 firearm muffler or silencer, to T.K., that was in violation of Title 26, United States Code, Section 5861(b), T.K not being authorized to receive the transferred firearm;

In violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871.

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about September 2, 2013, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Glock 9mm handgun, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material

to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about September 2, 2013, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Glock 9mm handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about January 21, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Glock 9mm handgun, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

8

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES:

That on or about January 21, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Glock 9mm handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES:

That on or about January 21, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Sig Sauer 5.56 rifle, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES:

That on or about January 21, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Sig Sauer 5.56 rifle, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES:

That on or about February 2, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Sig Sauer .45 caliber handgun, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

10

## COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES:

That on or about February 2, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Sig Sauer .45 caliber handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES:

That on or about September 5, 2013, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Advanced Armament Tirant 9mm firearm muffler or suppressor and a Advanced Armament Prodigy .22 caliber firearm muffler or silencer, from Allen Arms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Allen Arms, which statement was intended and likely to deceive Allen Arms, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

11

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES:

That on or about September 5, 2013, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly made a false entry on an application required by Chapter 53 of Title 26, that being: the defendant represented that he had a reasonable necessity to possess the firearm described on the application, that being an Advanced Armament Tirant 9mm firearm muffler or suppressor, for quiet target practice, knowing such entry to be false;

In violation of Title 26, United States Code, Sections 5848(b), 5861(l) and 5871.

## COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES:

That on or about August 5, 2014, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly and unlawfully transferred a firearm, that is: an Advanced Armament Tirant 9mm firearm muffler or silencer, to T.K., that was in violation of Title 26, United States Code, Section 5861(b), T.K not being authorized to receive the transferred firearm;

In violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871.

## COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES:

That on or about September 5, 2013, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly made a false entry on an application required by Chapter 53 of Title 26, that being: the defendant represented that he had a reasonable necessity to possess the firearm described on the application, that being an Advanced Armament Prodigy .22 caliber firearm muffler or suppressor, for quiet target practice, knowing such entry to be false;

In violation of Title 26, United States Code, Sections 5848(b), 5861(l) and 5871.

## COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES:

That on or about August 5, 2014, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly and unlawfully transferred a firearm, that is: an Advanced Armament Prodigy .22 caliber firearm muffler or silencer, to T.K., that was in violation of Title 26, United States Code, Section 5861(b), T.K not being authorized to receive the transferred firearm;

In violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871.

## COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES:

That on or about October 3, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a PTR Industries .308 rifle, from Cabela's, a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

13

United States Code, knowingly made a false and fictitious written statement to Cabela's, which statement was intended and likely to deceive Cabela's, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES:

That on or about October 3, 2014, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a PTR Industries .308 rifle, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES:

That on or about June 10, 2015, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly made a false entry on an application required by Chapter 53 of Title 26, that being: the defendant represented that he had a reasonable necessity to possess the firearm described on the application, that being an Advanced Armament M4-2000 firearm muffler or silencer for all lawful purposes, knowing such entry to be false;

In violation of Title 26, United States Code, Sections 5848(b), 5861(l) and 5871.

## COUNT THIRTY- ONE

THE GRAND JURY FURTHER CHARGES:

That on or about June 16, 2015, in the District of South Carolina, the Defendant, DUSTAN LAWSON, knowingly and unlawfully transferred a firearm, that is: an Advanced Armament M4-2000 firearm muffler or silencer, to T.K., that was in violation of Title 26, United States Code, Section 5861(b), T.K not being authorized to receive the transferred firearm;

In violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871.

## COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES:

That on or about June 6, 2015, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Advanced Armament M4-2000 firearm muffler or silencer, from James Firearm Sales, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to James Firearm Sales, which statement was intended and likely to deceive James Firearm Sales, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES:

That on or about June 6, 2016, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Sig Sauer 9mm handgun, from T & K Outdoors, Inc., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to T & K Outdoors, Inc., which statement was intended and likely to deceive T & K Outdoors, Inc., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT THIRTY-FOUR

THE GRAND JURY FURTHER CHARGES:

That on or about June 6, 2016, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Sig Sauer 9mm handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## COUNT THIRTY-FIVE

THE GRAND JURY FURTHER CHARGES:

That on or about July 7, 2016, in the District of South Carolina, the defendant, DUSTAN LAWSON, in connection with the acquisition of a firearm, that being a Ruger 308 handgun, from Academy Sports., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual transfee/buyer of the firearm listed on the form and was not acquiring the firearm on behalf of another person;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT THIRTY-SIX

THE GRAND JURY FURTHER CHARGES:

That on or about July 7, 2016, in the District of South Carolina, the defendant, DUSTAN LAWSON, knowingly transferred a firearm, that is: a Ruger 308 handgun, to T.K., knowing and having reasonable cause to believe that T.K. had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

17

## FORFEITURE

1. <u>FIREARM OFFENSES:</u>

Upon conviction for violations of Title 18 and Title 26, as charged in this Indictment, the

defendant, DUSTAN LAWSON, shall forfeit to the United States all of the defendant's right, title

and interest in and to any property, real and personal, in:

    (a)    any firearms and ammunition (as defined in 18 U.S.C. § 921)-

        (1)    involved in or used in any knowing violation of 18 U.S.C. § 922, 26
                U.S.C. §§ 5812, 5848 and 5861 or violation of any other criminal law of
                the United States;

Pursuant to Titles 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 49 U.S.C. § 80303, and 28
U.S.C. 2461(c).

A _True_ Bill

REDACTED
FOREPERSON

BETH DRAKE            (JEW/twd)
UNITED STATES ATTORNEY

18